18-2870(L)
*United States v. Lajaward Khan*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
          RICHARD J. SULLIVAN,
          MICHAEL H. PARK,
          *Circuit Judges*.

------------------------------------------------------------------
UNITED STATES OF AMERICA,

    *Appellee*,

  v.                                                No. 18-2870-cr
                                                          No. 18-2874-cr

LAJBAR LAJAWARD KHAN, also known as
Haki Lajaward, AMAL SAID SAID ALAM
SHAH, also known as Haji Zar Mohammad,

    *Defendants-Appellants*,

HABIBULLAH HAKI KAN, also known as Habibullah,

*Defendant.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT LAJAWARD KHAN: | JAMES M. BRANDEN, Law Office of James M. Branden, New York, NY. |
| FOR APPELLANT SAID: | EZRA SPILKE, Law Offices of Ezra Spilke, PLLC, Brooklyn, NY. |
| FOR APPELLEE: | REBEKAH DONALESKI, Assistant United States Attorney (George Turner, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from judgments of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Lajbar Lajaward Khan ("Lajaward Khan") and Amal Said Said Alam Shah ("Said") appeal from the sentences imposed by the district court (Wood, *J.*) following their guilty pleas to conspiracy to import at least one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 963, 952(a), 959(a), 960(a)(1), 960(a)(3), and 960(b)(1)(A), and attempted distribution of at least one kilogram of

heroin, intending and knowing that the heroin would be imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), 960(a)(3), and 960(b)(1)(A). Judge Wood sentenced Lajaward Khan and Said to 180 months' and 131 months' imprisonment, respectively. On appeal, Lajaward Khan and Said argue that their sentences were procedurally and substantively unreasonable. Specifically, as to their procedural unreasonableness claims, Lajaward Khan argues that that the district court miscalculated his offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") and that the district court erroneously applied a three-level enhancement for leadership role. Said argues the district court erred in denying his motion for a reduction pursuant to the safety valve provision of the Guidelines and 18 U.S.C. § 3553(f).

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citation omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the . . . Guidelines range, treats the . . . Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir.

3

2012) (citation omitted).  Our review for the substantive reasonableness of a sentence is "particularly deferential,"  and we will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted).

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Procedural Reasonableness

### a. Lajaward Khan's Base Offense Level

Lajaward Khan argues that the district court erred in calculating his base offense level under the Guidelines because he did not intend to sell, and was not actually capable of selling, the quantity of heroin discussed with the undercover agent during the investigation.[1]  But the district court's conclusion was not clearly erroneous, and was strongly supported by the evidence the government proffered

---

[1] In contrast to his opening brief, which stated that "[p]ursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, Said joins in the brief of Lajbar Lajaward Khan . . . , including with respect to substantive reasonableness," Said expressly disavowed any challenge to the district court's drug quantity calculation during oral argument.

4

at sentencing. Said and Lajaward Khan's negotiations in pursuit of a narcotics sale, which were recorded by an undercover officer and presented to the district court, are persuasive evidence of their intent. *See United States v. Hazut*, 140 F.3d 193 (2d Cir. 1998) ("[N]egotiations ordinarily constitute reliable admissions as to a defendant's intent to produce a particular quantity of narcotics in the course of a conspiracy." (internal quotation marks omitted)). Moreover, in his proffer, Lajaward Khan confirmed that he and Said had the ability and intent to sell between 100 to 200 kilograms of heroin. In the lead-up to the *Fatico* hearing, Lajaward Khan objected to the drug weight for the first time. In light of Lajaward Khan's belated objection, which conflicted with both contemporaneous recordings with the undercover officer and his earlier proffer statements, the district court did not commit clear error in concluding that he intended to and was capable of selling at least 90 kilograms of heroin. Accordingly, the district court was justified in finding that his base offense level was 38. *See* U.S.S.G. § 2D1.1(c)(1).

### b. **Lajaward Khan's Role Enhancement**

Lajaward Khan also argues that the district court erred in applying a three-level role enhancement when calculating his Guidelines range. Under the Sentencing Guidelines, such an enhancement is appropriate if the defendant "was

5

a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). In determining if the activity was "otherwise extensive," a court looks to whether the scheme is the "functional equivalent" of one involving at least five knowing participants. *United States v. Kent*, 821 F.3d 362, 369 (2d Cir. 2016).

In reaching its conclusion, the district court determined that Lajaward Khan was a manager or supervisor of an individual known as "Salamat," whom he recruited to participate in the criminal activity and directed to pick up and deliver heroin in Afghanistan. *See United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir. 1995) (applying the role enhancement to a drug dealer who recruited and paid a participant to sell drugs). The district court also found that the conspiracy involved the participation of at least six named individuals and was otherwise extensive as it involved a complex, international, drug-trafficking organization. Based on the record before it, the district court did not err in applying the role enhancement.

c. **Said's Safety Valve Eligibility**

Said challenges the district court's conclusion that he was not eligible for the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which allows

a court to sentence a defendant "without regard to any minimum statutory sentence," and U.S.S.G. § 2D1.1(b)(18), which results in a two-level reduction in a defendant's offense level. To qualify for the safety valve, a defendant must satisfy five criteria, including that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). Said argues that the district court erred in finding him untruthful and provided insufficient bases for its ruling. *See United States v. Gambino*, 106 F.3d 1105, 1111 (2d Cir. 1997) ("Further factual findings will be required where [the appellate court] is unable to discern from the record the basis of the district court's ruling.").

Both arguments are unpersuasive. The district court was entitled to reject Said's uncorroborated claim regarding his lack of intent, particularly because it conflicted with the contemporaneous undercover recordings and with Lajaward Khan's post-arrest proffer statements. Judge Wood also had the opportunity to observe Said's testimony at the *Fatico* hearing, and was well situated to make credibility findings. She also made clear that she credited Lajaward Khan's proffer statement, which she found to be at odds with Said's testimony. When viewing

7

the sentencing record as a whole, the grounds for the sentence were sufficiently clear, and we discern no error in the district court's factual and credibility determinations.

## II.    Substantive Reasonableness

Finally, Defendants argue that their sentences were substantively unreasonable. Defendants raise a laundry list of factors in their favor, including their difficult upbringings in impoverished areas, the fact that they are removed from their families in Afghanistan, and an allegation – explicitly rejected by the district court – that the undercover officer engaged in sentencing entrapment. But the record demonstrates that the district court considered all of Defendants' arguments, as well as the factors set forth in 18 U.S.C. § 3553, before imposing their sentences. It bears noting that the district court sentenced each Defendant below his applicable Guidelines range, reflecting a careful and reasoned assessment of the entire record. Put simply, the sentences imposed here were not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [them] to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289; *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) ("While we do not presume that a Guidelines sentence is necessarily substantively reasonable,

8

that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." (internal quotation marks and citation omitted)).

We have considered Said's and Lajaward Khan's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the district court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9